IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **PADMA PRIYA PENMATCHA**<br>2703 Catoosa Lane,<br>Corinth, TX 76210<br><br>    Plaintiffs,<br><br>    v.<br><br>**U.S. DEPARTMENT OF STATE**<br>600 19th Street NW, Suite 5.600<br>Washington, D.C. 20522<br><br>**ANTONY J. BLINKEN, SECRETARY OF STATE, U.S. DEPARTMENT OF STATE**<br>600 19th Street NW, Suite 5.600<br>Washington, D.C. 20522<br><br>**PATRICIA A. LACINA, DEPUTY CHIEF OF MISSION, U.S. EMBASSY NEW DELHI**<br>600 19th Street NW, Suite 5.600<br>Washington, D.C. 20522<br><br>**MERRICK GARLAND, ATTORNEY GENERAL OF THE UNITED STATES**<br>600 19th Street NW, Suite 5.600<br>Washington, D.C. 20522<br><br>    Defendants. | Civil No.: |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE APA AND FOR A WRIT OF MANDAMUS**

COMES NOW Padma Priya Penmatcha ("Plaintiff"), Plaintiff in the above-captioned case, by and through undersigned counsel, and files this civil action against the U.S. Department of State ("DOS"), Antony J. Blinken, Secretary of State, U.S. Department of State ("Blinken"), Patricia A. Lacina, Deputy Chief of Mission, U.S. Embassy New Delhi, India ("Lacina"), and Merrick

Garland, Attorney General of the United States ("Garland") (collectively "Defendants") to compel Defendants to comply with its statutory duty to issue a H-1B visa for a Nonimmigrant Worker with Specialty Occupation Classification to Plaintiff, having already approved Plaintiff's I-129 application, and states the following in support of this action:

## JURISDICTION

1. The court has jurisdiction over pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (mandamus act), 28 U.S.C. §§ 2201, 2202 (declaratory judgment); and 5 U.S.C. §§ 555(b), 701-708 (Administrative Procedure Act). This Court has authority to grant relief under the Mandamus Act (28 U.S.C. § 1361), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act (5 U.S.C. § 702). Further, the court has authority to grant relief, as this Complaint challenges Defendants failure and delay to make a decision on Plaintiff's H-1B visa.

2. Pursuant to 5 U.S.C. § 702, the USCIS has waived sovereign immunity over any claim that an agency, or an officer or employee of an agency, acted, or failed to act, in an official capacity and for which a person has suffered a legal wrong.

## VENUE

3. Venue is proper within the Eastern District of Texas – Sherman Division under 28 U.S.C. § 1391 (e)(1)(A). This is (1) an action against agencies of the United States, and employees or officers of the United States, acting in their official capacities; (2) Plaintiff resides in Denton County; and (3) there is no real property involved in this action.

## PARTIES

4. Plaintiff Padma Priya Penmatcha is a citizen of India. Plaintiff was admitted to the United States as an H-1B nonimmigrant in order to work at Raven Software Solutions, Inc in Texas. Plaintiff now resides in Telengana, India while her H-1B application is pending.

5. Defendant Department of State (DOS) is the agency responsible for consular affairs and the processing and adjudication of nonimmigrant visas.

6. Defendant Antony Blinken is sued in his official capacity as the Secretary of State, for the U.S. Department of State. As Secretary of State, Defendant Blinken is primarily responsible for and has supervisory duties over the functions of the Department of State, including, but not limited to, consular affairs and the processing and adjudication of nonimmigrant visas.

7. Defendant Patricia A. Lacina is the Deputy Chief of Mission at the U.S. Embassy in New Delhi, India and this action is brought against her in her official capacity. Defendant Lacina is responsible for the consulate that is processing the Plaintiff's case.

8. Defendant Merrick Garland is sued in his official capacity as the Attorney General of the United States of America. Defendant Garland is primarily responsible and has supervisory capacity for the Department of Justice, which includes, but is not limited to, security-related vetting of visa applications performed by departmental agency the Federal Bureau of Investigation (FBI) in coordination with the Department of State.

## LEGAL BACKGROUND

9. The Immigration and Nationality Act ("INA") establishes U.S. immigration procedures, including departmental responsibilities. The INA assigns responsibility to consular officers for issuing immigrant and nonimmigrant visas to foreign nationals who are eligible for those visas and admissible to the United States. *See* 8 U.S.C. § 1201; 22 C.F.R. § 41.111.

10. Under the INA, consular officials are required to act on visa applications. In relevant part, 22 C.F.R. § 41.121 states the following, "[w]hen a visa application has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations, the consular officer *must* issue the visa, refuse the visa, or pursuant to an outstanding order under INA 243(d), discontinue granting the visa." (emphasis added). The statutory language makes clear that although consular officials have the discretion to determine the outcome of a visa adjudication, they do not have the discretion over whether or not to make an adjudication at all. In fact, consular officials are **required** to adjudicate visa applications as a matter of ministerial duty as prescribed by plainly stated law.

11. In a proceeding, such as the one that makes the basis of this Complaint, the individual who applies for the visa has the burden of proof to establish that he/she is eligible to receive such visa. *See* 8 U.S.C. § 1361.

12. As stated in the Foreign Affairs Manual, no visa may be issued to an applicant if the applicant fails to comply with the provisions of the INA, or the regulations thereunder; or if the officer knows or has reason to believe the applicant is ineligible to receive a visa under INA section 212. U.S. Dep't of State, 9 Foreign Affs. Manual 301.1-2 (2022). In the present matter, Plaintiff is not subject to any grounds of inadmissibility and is therefore eligible for admission to the United States under INA section 212.

13. In the present matter, the relevant nonimmigrant visa is an H-1B Specialty Occupation Visa. The H-1B visa category allows employers to petition for highly educated foreign professionals to work in "specialty occupations" that require at least a bachelor's degree or the equivalent. See 8 U.S.C. § 1101(a)(15)(H)(i)(B).

14. Pursuant to the Department of Labor ("DOL"), the intent of the H-1B program is to "help employers who cannot otherwise obtain needed business skills and abilities from the U.S. workforce by authorizing temporary employment of qualified individuals who are not otherwise authorized to work in the United States. *See* https://www.dol.gov/agencies/whd/immigration/h1b.

15. In order to obtain H-1B classification, a company [Petitioner] must file an I-129, Petition for a Nonimmigrant Worker ("I-129"), with USCIS, based on an approved Labor Condition Application ("LCA"), which is obtained from the DOL. The company [Petitioner] must hire an individual to work in a "specialty occupation," as defined by 8 U.S.C. §1184(i) and in 8 CFR, section 214.2(h)(4)(iii)(A). Additionally, the Petitioner must establish that the beneficiary qualifies to *perform* the "specialty occupation," by satisfying at least one of the four regulatory criteria set forth in 8 C.F.R. section 214.2(h)(4)(iii)(C) (emphasis added).

16. The length of validity of the H-1B visa is determined by USCIS upon adjudication of the I-129 petition. As such, if the start date on the H-1B approval is the day of the approval, then the length of time between when the I-129 petition is approved and when the visa is issued at the consular post is essentially lost time.

17. Once the I-129 is approved, the beneficiary submits Form DS-160 online and schedules an interview with the embassy, the timing of which depends on the individual embassy's wait times.

18. Upon completion of the interview, the officer will usually do one of three things: (1) issue a visa; (2) deny a visa; or (3) let the beneficiary know that their application requires further "administrative processing."

19. In the present matter, Plaintiffs I-129 petition has been approved, Plaintiff has attended the interview, and Plaintiff's visa application has been in "administrative processing" for over 170

days, from the date of this filing. The delay by Defendants in adjudicating Plaintiffs visa application is unlawful, unreasonable, and in clear violation of 5 U.S.C. § 555(b).

## FACTUAL BACKGROUND

20. On March 1, 2023, Plaintiff's employer, Raven Software Solutions, Inc ("Raven") filed an H-1B Amendment with Extension for Plaintiff.

21. On March 6, 2023, Plaintiff's I-129 petition for H-1B status was approved by USCIS. The approval notice gave Plaintiff valid H-1B status from March 27, 2023, to March 26, 2026. Plaintiff has a valid I-94 from March 27, 2023, to April 05, 2026. A true and correct copy of the Approval Notice is attached hereto as Exhibit "A" and is incorporated herein by reference.

22. On July 20, 2023, Plaintiff attended her drop-box appointment in New Delhi.

23. On July 21, 2023, Plaintiff's status on the CEAC portal changed to "REFUSED" under 221(g) administrative processing. She was requested to attend an interview at the embassy.

24. On August 9, 2023, Plaintiff attended the interview at the New Delhi Embassy. At the interview Plaintiff was questioned for hours regarding an alleged criminal case opened against Plaintiff. Plaintiff denied any knowledge of a criminal case against her name. In fact, it appears that Plaintiff was mistaken for another individual, as she does not have any criminal history. As such, a true and correct copy of a background check conducted by Plaintiff's employer is attached hereto as Exhibit "B" and is incorporated herein.

25. As of the date of the Complaint, it has been over 180 days since Plaintiff's Drop-box appointment at the New Delhi Embassy. Over these last 6 months, Plaintiff has been severely prejudiced by Defendants delay. Plaintiff and her daughter, a US Citizen, have been stuck in India, unable to work for her employer, Raven Software Solution, Inc. As such, Raven software Solutions, Inc, has been without its employee, which is sponsored, and has an approval from

USCIS. Even more so, Plaintiff's daughter is currently four years old, and is missing crucial time to secure a spot in their preferred school for fall term to begin her kindergarten education.

## CAUSES OF ACTION

### Count One:

### APA – Unreasonable Delay in the Adjudication of Plaintiff's H-1B Visa Application

26. All preceding paragraphs are incorporated herein by reference the same as if fully copies and set forth at length.

27. The Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b) imposes a "reasonable time" requirement for the adjudication of applications. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and ***within a reasonable time***, each agency shall proceed to conclude a matter presented to it.") (emphasis added).

28. Under 5 U.S.C. § 706(1) of the APA, the Court is authorized to compel agency action unlawfully withheld or unreasonably delayed. Specifically, the Supreme Court has held that "where an agency fails to take a discrete agency action that it is required to take…a court can compel the agency to act [even though it] has no power to specify what th[at] action must be." *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64-65, 124 S. Ct. 2373, 159 L. Ed. 2d 137 (2004).

29. For a Plaintiff to be entitled to relief under 5 U.S.C. § 706(1) of the APA, the Plaintiff must show that (1) the agency has a non-discretionary duty to take a discrete agency action; and/or (2) unreasonable agency delays in acting on that duty. In the present matter, Plaintiffs will show that Defendants have unreasonably delayed adjudicating Plaintiff's visa application to extend her H-1B status.

30. As stated, prior, pursuant to the INA, consular officials are required to act on visa applications. In relevant part, 22 C.F.R. § 41.121 states the following, "[w]hen a visa application

has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations, the consular officer ***must*** issue the visa, refuse the visa, or pursuant to an outstanding order under INA 243(d), discontinue granting the visa." (emphasis added). The statutory language makes clear that although consular officials have the discretion to determine the outcome of a visa adjudication, they do not have the discretion over whether or not to make an adjudication at all. In fact, consular officials are **required** to adjudicate visa applications as a matter of ministerial duty as prescribed by plainly stated law.

31. Accordingly, it is clear that Defendants have a non-discretionary duty adjudicate Plaintiff's nonimmigrant visa application. The Defendants failure to adjudicate Plaintiff's nonimmigrant visa application constitutes a final agency action, reviewable by this Court under 5 U.S.C. § 704, as it is a "failure to act." 5 U.S.C. § 551(13).

32. Courts evaluate claims of "unreasonable delay" using six factors known as the TRAC factors, outlined in *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984.) These six factors include (1) the agency's time to make decisions must be governed by "a rule of reason"; (2) whether a congressional "timetable" or "other indication" informs this "rule of reason."; (3) delays affecting human health and welfare are "less tolerable" than delays that might be reasonable for economic regulations; (4) the effect of relief on competing or higher agency priorities; (5) the nature and extent of the interests prejudiced by the delay; and (6) agency delay may be deemed unreasonable even in the absence of "any impropriety lurking behind agency lassitude." *Id*. at 80. It is important to note that the TRAC factors merely act to ***guide*** the Court and are ***not required elements*** that a Plaintiff must satisfy to prevail on a claim of unreasonable delay under 5 U.S.C. § 706(1) of the APA. Accordingly, different circumstances require different analysis under each factor.

33. Courts generally analyze the first two (2) factors together, as they are similar in that they both "analyze whether there is sufficient rhyme or reason to explain the Government's response times." *See Eljalabi v. Blinken*, 21-cv-1730 (RC), 2022 U.S. Dist. LEXIS 125055, 2022 WL 2752613, at *5 (D.D.C. July 14, 2022). It is well known that there is no mandatory timeframe in which a consular officer must process a visa application. However, it *is* mandatory that the consular officer process the visa application, they cannot hold the application in indefinite abeyance.

34. The third and fifth factors: (3) delays affecting human health and welfare are "less tolerable" than delays that might be reasonable for economic regulations; and (5) the nature and extent of the interests prejudiced by the delay, are generally analyzed together, as they both consider the plaintiff's "interests, health, and welfare," as well as "other interests prejudiced by the agency's delay." *See Thakker v. Renaud*, No. 20-cv-1133 (CKK), 2021 U.S. Dist. LEXIS 53326, 2021 WL 1092269, at *7 (D.D.C. Mar. 22, 2021); Liu, 544 F. Supp. 3d at 12.

35. In the present matter, Plaintiff has been greatly prejudiced, both economically and individual human welfare. USCIS approved Plaintiff's I-129 petition for H-1B status back in March of 2023. It took over two months for Plaintiff to obtain a drop box appointment at the embassy (July 20, 2023), and finally once she obtained an appointment, she was then called in for an interview and went through hours of questioning on criminal activities that she did not commit. Since the date of the drop box appointment, her status has remained "REFUSED" under Administrative Processing. During this time, Plaintiff cannot return to the United States, she cannot work, as long as her visa is delayed, Plaintiff is deprived of the income she would receive from her employment, which is an injury in and of itself. Plaintiff, as a homeowner ("Exhibit C") has faced additional loss as she pays both mortgages and property taxes, without an income to supplement the payment. But Plaintiff has lost so much more through this delay; the life she has had here in

the United States since when she first entered via an F-1 visa, is gone. Plaintiff had first entered the United States in 2012 and has built a steadfast community of family and friends. Since then, she has been a law-abiding individual. Now, Plaintiff and her child are away from that same community and are still forced to contribute to the economy with no income of her own. Her US Citizen child's health and welfare are directly impacted as they have now spent over 6 months in a foreign country, away from education and important doctors' visits. There is no reason, and Defendants have failed to provide an adequate reason or evidence as to why Plaintiff's H-1B visa application is still in administrative processing. Moreover, her employer, Raven, has been without its employee for months now. As stated above, pursuant to the DOL, the intent of the H-1B program is to "help employers who cannot otherwise obtain needed business skills and abilities from the U.S. workforce by authorizing temporary employment of qualified individuals.

36. The final factor, "agency delay may be deemed unreasonable even in the absence of "any impropriety lurking behind agency lassitude." *See Telecommunications* Research, 750 F.2d at 80.

37. Defendants have unreasonably delayed adjudicating Plaintiff's application considering that Plaintiff's H-1B petition was approved by USCIS back in March of 2023. As such, it is clear that USCIS determined that Plaintiff satisfied all requirements of an H-1B petition and cleared the pre-requisite security checks. Specifically, Plaintiff's employer properly showed that Plaintiff satisfied the requirements set forth in 8 U.S.C. §1184(i) and 8 CFR, section 214.2(h)(4)(iii)(A) (showing the relevant position qualifies as a specialty occupation), as well as 8 C.F.R. section 214.2(h)(4)(iii)(C) (showing Plaintiff has the qualifications to perform the relevant specialty occupation). *See* Exhibit "A." The additional information requested by the consular officer (the client letter – proof of working relationship with client) touches on substantive issues, regarding whether Plaintiff qualified for an H-1B visa, which USCIS already determined she did.

38. Plaintiff understands that the embassy is overworked, understaffed, and currently backlogged. However, this does not excuse the embassy from making egregious mistakes such as accusing Plaintiff of criminal acts she did not commit.

39. Given the nature and objectives of the H-1B program, the process for acquiring an H-1B visa, and the time constraints imposed by I-129 validity dates, the delay in adjudicating Plaintiff's visa application are clearly unreasonable.

## Count Two:

## Mandamus – Plaintiff's H-1B Application

40. All preceding paragraphs are incorporated herein by reference the same as if fully copies and set forth at length.

41. Further, an in the alternative, the Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to Plaintiff.

42. In order for a Plaintiff to prevail under the Mandamus Act, and in addition to the TRAC factors, which are analyzed above, the Plaintiff must establish the following: (1) a clear right to the relief requested; (2) a clear duty by the defendant(s) to perform the act; and (3) no other adequate remedy is available. *See*, e.g., *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016); *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002); Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998).

43. Plaintiff has a clear right to the relief requested. This Court has consistently held that mandamus relief is the appropriate course of action to compel action on a visa application that has only been "provisional refused" but as to which no final decision had been issued, as in the case in the present matter. *See Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv.*

*to the United States v. Kerry*, 168 F. Supp. 3d 268, 291-92 (D.D.C. 2016); *see also, Ghadami v. U.S. Dep't. of Homeland Sec.*, No. 19-cv-397, 2020 U.S. Dist. LEXIS 47623, 2020 WL 1308376, at (D.D.C. Mar. 19, 2020) (declining to apply the consular nonreviewability doctrine where an "application is still undergoing administrative processing, even where a refusal has been relayed"); *Vulupala v. Barr*, 438 F. Supp. 3d 93, 98-99 (D.D.C. 2020) (same); *P.K. v. Tillerson*, 302 F. Supp. 3d 1, 11 (D.D.C. 2018) ("[T]he doctrine of consular [nonreviewability] does not apply where the government has not made a final visa decision.").

44. In the present matter, Plaintiff's H-1B visa application has not been adjudicated. Rather, it has been stuck in administrative processing, and this Court has made clear that administrative processing is not considered to be a final decision by Defendants. Specifically, this Court has consistently held that when a Plaintiff's case is in administrative process and has not been finally refused, "the doctrine of consular non-reviewability is inapplicable to this claim, as Plaintiff does not seek review of any decision but instead of the **Government's failure to decide**." *See Rahman v. Blinken*, Civil Action No. 22-2732 (JEB), 2023 U.S. Dist. LEXIS 7804 (D.D.C. Jan. 17, 2023) (emphasis added) (quoting, *Sawahreh v. United States Dep't of State*, Civil Action No. 22-1456 (JEB), 2022 U.S. Dist. LEXIS 170933 (D.D.C. Sep. 21, 2022). Plaintiff is not requesting this Court to order Defendants to issue her H-1B visa application, rather Plaintiff simply requests that Defendants issue a decision on Plaintiff's H-1B visa application.

45. It is indisputable that Defendants have a clear duty to perform the act in question. Specifically, to adjudicate Plaintiff's H-1B application in a reasonable time under the circumstances. As stated, prior, Defendants have a clear, ministerial, and nondiscretionary duty to adjudicate the visa application as it has been properly completed and executed. 8 U.S.C. 1153(e)(1), 1154; 22 C.F.R. 42.81(a). The statutory language makes clear that although consular

officials have the discretion to determine the outcome of a visa adjudication, they do not have the discretion over whether or not to make an adjudication at all. In fact, consular officials are **required** to adjudicate visa applications as a matter of ministerial duty as prescribed by plainly stated law. As such, Defendants have a clear duty to adjudicate Plaintiff's H-1B visa application.

46. Lastly, no other adequate remedy is available. Plaintiff has been left with no other recourse due to the intentional ambiguity of "administrative processing." The embassy has made clear that it cannot provide a timeline for completion of the processing and that the process cannot be expedited. Plaintiff has repeatedly followed up with every email address associated with the relevant consulate, and to her representative, all to no avail.

## REQUEST FOR RELIEF

47. Wherefore, Plaintiff Padma Priya Penmatcha. respectfully requests that this Court grant the following relief:

   A. Accept Jurisdiction over this action;

   B. Issue a writ of mandamus ordering Defendants to adjudicate Plaintiff's nonimmigrant visa application within sixty (60) days;

   C. Declare that Defendants' delay in adjudication of Plaintiff's application is unreasonable and violates the APA, and that she is entitled to prompt adjudication of her visa application within sixty (60) days;

   D. Award reasonable costs and attorney's fees provided under the Equal Access to Justice Act and the APA; and

   E. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Caitlin Rowe*____
Caitlin Rowe
Texas Bar No. 24124334
Sharadha Sankararaman Kodem
Texas Bar No. 24090370
Kodem Law Firm, PLLC
150 W. John Carpenter Freeway, Suite 130
Irving, Texas 75039
Phone: 888-955-6634 ext. 101
Facsimile: 817-778-9980
sharadha.kodem@kodemlaw.com

Counsel for Plaintiff